**STATE of Minnesota, Respondent,**

v.

**Laura Lee LORSUNG, Appellant.**

**No. C2–02–610.**

Court of Appeals of Minnesota.

March 25, 2003.

Mike Hatch, Attorney General, Thomas R. Ragatz, Assistant Attorney General, St. Paul, MN; and Lisa Borgen, Clay County Attorney, Courthouse, Moorhead, MN, for respondent.

Bradford Colbert, Attorney at Law, St. Paul, MN, for appellant.

Considered and decided by RANDALL, Presiding Judge; SHUMAKER, Judge; and WRIGHT, Judge.

## OPINION

RANDALL, Judge.

Appellant Laura Lee Lorsung challenges her conviction for second-degree controlled-substance crime, arguing that she cannot properly be convicted of selling

methamphetamines because she did not have the intent to complete the sale. We affirm in part, vacate in part, and add a cautionary instruction.

## FACTS

On May 5, 2000, a confidential informant (CI) working with police placed a phone call to appellant Laura Lee Lorsung in an attempt to locate methamphetamine. The CI left a message, which was returned by appellant. Appellant agreed over the phone to sell the CI two "eight balls" (⅛ ounce) of methamphetamine for $500. The parties agreed to meet behind a Wal–Mart store in Dilworth, Minnesota at 12:30 a.m.

At about 12:45 a.m., appellant and the CI met and discussed again the price and quantity of the methamphetamine. The CI wore a hidden electronic transmitter and carried $500 in serialized bills given to her by police for the purchase. The CI gave appellant the money, and appellant told the CI to wait while she went into an apartment to get the drugs. Appellant also asked the CI if she could drive appellant home after the exchange. The CI was to drive around to the other side of the building and meet appellant when she came out.

By 1:25 a.m., appellant had not returned. The CI and one of the officers attempted to find her in the building, but could not. Further attempts to locate appellant that night were also unsuccessful. Appellant was not arrested until July 17. Appellant was charged with controlled-substance crime in the second degree, sale (Minn. Stat. § 152.022, subd. 1(1) (2000)); and theft (Minn.Stat. § 609.52, subd. 2(4); 3(4) (2000)).

Appellant waived her right to a jury trial and agreed to have the district court determine her guilt based on stipulated facts pursuant to *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980). Appellant main- tained throughout the proceedings that she had never intended to carry out the sale and that her sole purpose had been to steal the money the CI offered. On May 29, 2001, appellant was found guilty of second-degree controlled-substance crime, sale, and theft. The district court sen- tenced her to 58 months imprisonment, with credit for time served. This appeal follows.

## ISSUE

Could appellant properly be convicted of offering to sell a controlled substance if the state cannot prove beyond a reason- able doubt that she intended to complete the sale?

## ANALYSIS

 This case turns on an issue of statutory construction, which is a matter of law that this court reviews de novo. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn. 1996). What evidence is necessary to con- vict under a particular statute is likewise reviewed de novo. *State v. Tomlin,* 622 N.W.2d 546, 548 (Minn.2001).

Appellant was convicted of second-de- gree controlled-substance crime, sale, un- der Minn.Stat. § 152.022, subd. 1(1) (2000). "Sale" is defined by Minn.Stat. § 152.01, subd. 15a (2000), to mean:

(1) to sell, give away, barter, deliver, exchange, distribute or dispose of to an- other, or to manufacture; or

(2) to offer or agree to perform an act listed in clause (1); or

(3) to possess with intent to perform an act listed in clause (1).

Appellant was convicted under 15a(2), be- cause she offered to sell the CI metham- phetamine in exchange for $500. Appel- lant has consistently argued that because she did not have the intent to complete the transaction, she cannot properly be con-

victed of the sale. Appellant asks this court to read an intent element into the statute, to avoid what she calls the absurd result that a person could be convicted of selling drugs based on pure speech.

Appellant urges the court to examine the legislative history of Minn.Stat. § 152.01, subd. 15a, which she argues shows that the legislature did not intend that people would be convicted under this section based on speech alone. We first note that we do not look to legislative history unless the language of the statute is ambiguous. *Tuma v. Comm'r of Econ. Sec.*, 386 N.W.2d 702, 706 (Minn.1986). We conclude that the language of Minn. Stat. § 152.01, subd. 15a, is unambiguous. It states that offering to sell is equivalent to selling. Minn.Stat. § 152.022, subd. 1(1), is similarly unambiguous and contains no specific-intent requirement. The legislature is free to criminalize certain conduct without regard to the actor's intent. *State v. Kjeldahl*, 278 N.W.2d 58, 61 (Minn.1979).

Even if we were to accept appellant's argument that an intent element should be read into the statute, appellant's conviction would be affirmed. Intent may be inferred from a person's words *or* actions. *State v. Thompson*, 544 N.W.2d 8, 11 (Minn.1996). Appellant pre-arranged a time and place to meet, as well as the price and amount of methamphetamine to be exchanged. Appellant appeared at the agreed-to place at the agreed-to time and accepted the money. A reasonable factfinder could infer from appellant's actions that at least until the time she failed to return with the drugs as promised, appellant intended to complete the sale.

Even considering the legislative history, appellant's conviction is affirmed. Appellant directs the court to portions of the legislative history behind Minn.Stat. § 152.01, subd. 15a, arguing that this history shows that the legislature did not mean for pure speech to be punished under this statute. It does appear that the legislature was concerned that some "behavior consistent with fulfilling that offer" should occur before a person could be convicted under this section. *See Hearing on S.F. No. 3 Before the Subcomm. on Criminal Law of the Senate Comm. on the Judiciary (Mar. 16, 1989)* (statement of James Kamin). This language does not refer to intent, only to some corroborating conduct. As explained above, appellant's actions go well beyond pure speech and constitute corroborating conduct.

The parties cite two unpublished decisions of this court: *State v. Bautista*, 1998 WL 422221, *1 (Minn.App. Jul.28, 1998), *review denied* (Minn. Sept. 22, 1998); and *State v. Rosillo*, 2001 WL 881279, *1 (Minn.App. Jul.31, 2001), *aff'd mem* (Minn. Aug. 21, 2002). The parties attempt to show an inconsistency between these decisions, and each party urges this court to follow the reasoning of the unpublished decision that best supports its argument. We do not find an inconsistency. In *Bautista*, the defendant's actions satisfied the essential elements of "offering to sell" a controlled substance, and we inferred his intent from those actions. *Bautista*, 1998 WL 422221 at *3. In *Rosillo*, the defendant's actions satisfied the essential elements of "offering to sell" a controlled substance, and we determined that those actions were enough to corroborate the offer and protect against punishing "pure speech." *Rosillo*, 2001 WL 881279 at *2. Here, as discussed above, appellant's actions satisfy the essential elements of "offering to sell" a controlled substance, whether we read an intent element into the statute or not.

Appellant also argues that by convicting her of theft by swindle, the district court implicitly found that she did not have the intent to sell methamphetamine. Ap-

pellant directs the court to Judge (now Justice) Hanson's dissent in our unpublished decision, *Rosillo.* In his dissent, Judge Hanson agreed with appellant that you must read an intent element into Minn.Stat. § 152.01, subd. 15a(2). *Rosillo,* 2001 WL 881279 at *4. If intent to complete the sale (whether expressed or inferred) is an element of controlled-substance crime, and intent not to complete the sale is an element of theft by swindle; the convictions are legally inconsistent. *Id.; see also State v. Belfry,* 353 N.W.2d 224, 226 (Minn.App.1984), *review denied* (Minn. Oct. 30, 1984) (intent not to perform must exist for theft by swindle to occur). The trial judge in *Rosillo,* as if anticipating this logical dissent, dismissed the theft conviction after entering the conviction of the crime of offering to sell a controlled substance. *Rosillo,* 2001 WL 881279 at *1. We recognize the tension here, and so does the state. In open court at oral argument, the state's attorney candidly recognized this tension, noting with approval the trial court's decision in *Rosillo* to dismiss the conviction for theft (after upholding the conviction of offering to sell). The state agrees that if appellant's conviction of offering to sell a controlled substance is upheld on appeal, her conviction for theft by swindle should be vacated. We agree, and we do. The conviction for theft by swindle is hereby vacated.

Appellant corroborated the genuine nature of her offer by meeting with the CI and accepting the money. This is enough to support her conviction of second-degree controlled-substance crime. Because we determine that she was properly convicted of making an offer to sell methamphetamine, we vacate her theft-by-swindle conviction.

The attorney for the state further agreed that, for the sake of future administrative ease, prosecutors should treat this situation as "either/or," rather than attempting to convict a defendant in appellant's position with both crimes, offering to sell and theft by swindle.

## DECISION

Because we find the evidence sufficient to support appellant's conviction of second-degree controlled-substance crime, we affirm. We vacate appellant's conviction of theft by swindle.

**Affirmed in part, vacated in part.**